UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 23-20266-jrs |
| NGL & EROSION CONTROL GROUP, LLC, ) | |
| ) | |
| Debtor ) | CHAPTER 11 |
| ) | |

**APPLICATION TO EMPLOY LAMBERTH, CIFELLI, ELLIS & NASON, P.A., AS COUNSEL FOR DEBTOR**

**COMES NOW** NGL & Erosion Control Group, LLC, debtor and debtor in possession in the above-styled chapter 11 case, and pursuant to § 327 of Title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 2014, applies for approval of the employment of Lamberth, Cifelli, Ellis & Nason, P.A., as attorneys for Debtor. In support thereof, Debtor shows as follows:

1. On March 6, 2023, Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (the "Petition Date"). Debtor is acting as debtor in possession.

2. Debtor shows that in order to administer this case in a proper, efficient, and economical manner, he requires the services of legal counsel. Debtor shows that it is necessary to retain attorneys for the following purposes:

(a) To advise, assist, and represent Debtor with respect to Debtor's rights, powers, duties, and obligations in the administration of this case, and the collection, preservation, and administration of assets of Debtor's estate;

(b) To advise, assist, and represent Debtor with regard to any claims and causes of action which the estate may have against various parties including, without limitation, claims for preferences, fraudulent conveyances, improper disposal of assets, and other claims or rights to

recovery granted to the estate; to institute appropriate adversary proceedings or other litigation and to represent Debtor therein with regard to such claims and causes of action; and to advise and represent Debtor with regard to the review and analysis of any legal issues incident to any of the foregoing.

(c) To advise, assist, and represent Debtor with regard to investigation of the desirability and feasibility of the rejection or assumption and potential assignment of any executory contracts or unexpired leases, and to advise, assist, and represent Debtor with regard to liens and encumbrances asserted against property of the estate and potential avoidance actions for the benefit of the estate, within Debtor's rights and powers under the Bankruptcy Code, and the initiation and prosecution of appropriate proceedings in connection therewith;

(d) To advise, assist, and represent Debtor in connection with all applications, motions, or complaints concerning reclamation, sequestration, relief from stays, disposition or other use of assets of the estate, and all other similar matters;

(e) To advise, assist, and represent Debtor with regard to the preparation, drafting, and negotiation of a plan of reorganization or liquidation and accompanying disclosure statement, or negotiation with other parties presenting a plan of reorganization or liquidation and accompanying disclosure statement; and/or to advise, assist, and represent Debtor in connection with the sale or other disposition of any assets of the estate, including without limitation the investigation and analysis of the alternative methods of effecting same; employment of auctioneers, appraisers, or other persons to assist with regard thereto; negotiations with prospective purchasers and the evaluation of any offers received; the drafting of appropriate contracts, instruments of conveyance, and other documents with regard thereto; the preparation, filing, and service as required of appropriate motions, notices, and other pleadings as may be necessary to comply with the

Bankruptcy Code with regard to all of the foregoing; and representation of Debtor in connection with the consummation and closing of any such transactions;

(f) To prepare pleadings, applications, motions, reports, and other papers incidental to administration, and to conduct examinations as may be necessary pursuant to Bankruptcy Rule 2004 or as otherwise permitted under applicable law;

(g) To provide support and assistance to Debtor with regard to the proper receipt, disbursement, and accounting for funds and property of the estate;

(h) To provide support and assistance to Debtor with regard to the review of claims against Debtor, the investigation of amounts properly allowable and the appropriate priority or classification of same, and the filing and prosecution of objections to claims as appropriate;

(i) To perform any and all other legal services incident or necessary to the proper administration of this case and the representation of Debtor in the performance of its duties and exercise of its rights and powers under the Bankruptcy Code.

3. Debtor seeks to employ the law firm of Lamberth, Cifelli, Ellis & Nason, P.A. ("LCEN"), 6000 Lake Forrest Drive, N.W., Ste. 435, Atlanta, Georgia 30328, (404) 262-7373, as counsel for Debtor, effective as of the Petition Date. Debtor requests that the Court authorize LCEN to provide the services outlined above for it in accordance with § 327 of the Bankruptcy Code.

4. Debtor believes employment of LCEN is in the best interests of Debtor's estate. Debtor further shows that the attorneys practicing with LCEN are admitted to practice in this Court, have knowledge and experience with regard to the matters in which the firm is to be engaged, and are well qualified to represent Debtor. Attached hereto as Exhibit "A" is LCEN's Bankruptcy Rule

2014 Verification, which describes the qualifications of LCEN and its current attorneys and the terms and conditions of employment, including hourly rates currently charged by LCEN.

5.  To the best of Debtor's knowledge, LCEN represents no interest adverse to Debtor or his estate in the matters upon which they are to be engaged. LCEN and its attorneys are disinterested persons under § 101(14) of the Bankruptcy Code with regard to the matters upon which LCEN is to be engaged, and its appointment will be in the best interests of this estate, creditors, and other parties-in-interest. To the best of my knowledge, none of LCEN's members or employees has any "connection" within the meaning of that term under Federal Rule of Bankruptcy Procedure 2014(a) with Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee. To the best of my knowledge, no member or employee of LCEN is a relative of the Bankruptcy Judge in this case or a relative of the United States Trustee or an employee of the Office of the United States Trustee.

6.  On March 4, 2023, Debtor transmitted to LCEN a prepetition retainer in the amount of $12,500, pls $1,738 to pay the filing fee.

**WHEREFORE**, Debtor prays for authority to retain and employ the law firm of Lamberth, Cifelli, Ellis & Nason, P.A., as counsel for Debtor effective as of the Petition Date, upon the terms as set forth above, and for such other and further relief as may be just and proper.

This 5th day of March, 2023

NGL & EROSION CONTROL GROUP, LLC

_____
James Scott, Managing Member

**Exhibit "A"**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CASE NO. 23-20266-jrs |
| NGL & EROSION CONTROL GROUP, LLC, ) | |
| ) | |
| Debtor ) | CHAPTER 11 |
| ) | |

**RULE 2014 VERIFICATION WITH REGARD TO EMPLOYMENT
OF LAMBERTH, CIFELLI, ELLIS & NASON, P.A.**

The undersigned hereby declares under penalty of perjury:

1. I am a member of the law firm of Lamberth, Cifelli, Ellis & Nason, P.A. ("LCEN"), a professional association engaged in the practice of law with offices at 6000 Lake Forrest Drive, N.W., Suite 435, Atlanta, Georgia 30328. All attorneys practicing with LCEN are attorneys at law duly admitted to practice in the State of Georgia and in the United States District Court, Northern District of Georgia. The facts set forth in this Affidavit are based upon either my personal knowledge, upon information and belief, or upon client matter records which were reviewed by me or another employee of LCEN under my supervision and direction. This affidavit is submitted in support of the application (the "Application") of the above named Debtor seeking authority to retain and employ LCEN.

2. LCEN has been asked to represent NGL & Erosion Control Group, LLC, debtor and debtor in possession ("Debtor"). To the best of my knowledge, LCEN has no professional, business, or other connection with Debtor, its creditors, or any party-in-interest in this case, except as provided below. LCEN represents no interest that would be adverse to the estate of Debtor in connection with the matters upon which LCEN is to be engaged. LCEN (a) is not a creditor, an equity security holder, or an insider of Debtor; (b) is not, and was not, within two years before the

date of filing a director, officer, or employee of Debtor; and (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holder, by reason of any direct or indirect relationship to, or connection with, or interest in, Debtor or for any other reason.

3. To the best of my knowledge, after review of this firm's records, none of this firm's members or employees has any "connection" within the meaning of that term under Federal Rule of Bankruptcy Procedure 2014(a) with Debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the Office of the United States Trustee.

4. To the best of my knowledge, no member or employee of LCEN is a relative of the Bankruptcy Judge in this case or a relative of the United States Trustee or an employee of the Office of the United States Trustee.

5. A Resume that describes the qualifications of LCEN and its current attorneys and the terms and conditions of employment, including hourly rates currently charged by LCEN, is attached hereto.

7. On March 4, 2023, Debtor remitted a prepetition retainer in the amount of $12,500, plus $1,738 to pay the filing fee. LCEN acknowledges that all fee and expenses to be paid to LCEN in connection with this case are subject to approval pursuant to applications pursuant to 11 U.S.C. §§330 and 331.

Dated: March 6, 2023.

.                              /s/ *G. Frank Nason, IV*
                               G. Frank Nason, IV
                               Georgia Bar No. 535160

6000 Lake Forrest Drive, N.W., Ste. 435
Atlanta, GA  30328
(404) 262-7373

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Application to Employ Lamberth, Cifelli, Ellis & Nason, P.A., as Counsel for Debtor* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

David S. Weidenbaum                         david.s.weidenbaum@usdoj.gov

This is to further certify that the Motion was served by electronic mail on the following:

Gary M. Murphey                             Murphey@RFSLimited.com


This 6th day of March, 2023

                /s/ *G. Frank Nason, IV*
                G. Frank Nason, IV

6000 Lake Forrest Drive, N.W., Ste. 435
Atlanta, GA  30328
(404) 262-7373